**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(TOPEKA DOCKET)**

UNITED STATES OF AMERICA,
Plaintiff

VS Case No. 25-cr-40075

BEBAK GURUNG,
Defendant

**DEFENDANT'S SENTENCING MEMORANDUM**

COMES NOW defendant above named, by and through his attorney, Carl E. Cornwell, and hereby moves this Honorable Court to consider this sentencing memo in arriving at a sentence that is fair to this individual defendant.

IN SUPPORT of said request, defendant, through counsel, states as follows:

1. The defendant pled guilty to his 2 Count Superseding Indictment on the 14th day of July 2026. Sentencing was deferred so the presentence investigation could be prepared. He has a sentencing date of October 20, 2026.
2. The government will recommend a low-end guideline sentence to be followed by 5 years of supervised release and defendant is allowed the right to request a downward variance and/or departure.
3. Counsel doesn't need to tell this court the history of the sentencing guidelines. They have been ruled unconstitutional. The guidelines are used so the court can have a sentencing calculation made. In this case, the calculation is 720 months. That's 60 years. In the State of Kansas, if you kill someone with

premeditation, you can get a sentence of 50 years. If you don't use premeditation and have a criminal history that the defendant has, the maximum sentence would be 165 months.

4. The defendant admitted his guilt when he was approached by law enforcement. He pled guilty, did not require any evidence to be presented, saved the court valuable time and admitted that he had been involved with these two young girls, in Count 2, from the 25th day of February 2025 to on or about the 9th day of March 2025, some 14 days, and in Count 1, for approximately 1 hour and 40 minutes on April 18, 2025.

5. As the presentence points out, defendant was contacted on the 19th day of November 2025 and admitted the allegations in Count1. He wasn't asked about Count 2 as it was filed later in the Superseding Indictment.

6. His family, on October 1, 2026, says this about their loved one:

***Dear Honorable Judge,***

*I am writing this letter as a parent of my son **Bebak Gurung**, with a very heavy heart, to respectfully ask the Court for mercy and compassion toward him.*

*My **son Bebak Gurung** has always been a loving and respectful member of our family. We came from large families with many relatives, and all of us who have known him throughout his life known him as a good-hearted person. We have seen his kindness, his respect for others, and his dedication to his family.*

*As parents, we were especially proud and happy when our son chose to serve in the military. We believed that he was doing something honorable by serving our nation, and we were very proud of the path he had chosen.*

*For this reason, hearing the recent news about what happened has been extremely painful and difficult for our entire family. It was not the kind of news we ever expected to hear about our son. We are deeply saddened and have been struggling to understand how this situation happened.*

*I am not writing this letter to dismiss or excuse anything that may have happened. I only ask the Court to remember that my son is more than the circumstance of this case. He is also a son, a family member, and someone who has been loved and supported by many people throughout his life.*

*Our entire family stands together in support of him. We sincerely ask the Court to consider his character, his past, his service to our nation, his family circumstances, and the person we have known him to be when considering his sentence.*

*As a parent, there is nothing more painful than seeing our son face such a serious situation. We respectfully ask the Court to show him mercy and compassion and, if possible, give him an opportunity to learn from this experience and move forward with his life.*

***Thank you, Your Honor**, for taking the time to read my letter and for considering the feelings and circumstances of our family.*

***With deepest respect**,*

*Father: Babu Ram Gurung 46*

*Mother: San Maya Gurung 50*

*Sister: Bandhana Gurung 12*

*Grandfather: Suk Prasad Gurung 82*

*AND*

*From all the families and relatives*

***212 Hollywood Avenue***

***Cuyahoga Falls, Ohio-44221.***

*Phone: 330-564-6779*

*Email: 888babugurung@gmail.com*

The defendant was also evaluated by Seth Wescott on the 9th day of July 2026 and report under date of July 16th 2026. The report will not be attached to this sentencing memorandum for privacy issues but will be emailed to the court and AUSA Sara Walton. Mr Wescott's report is significant because it talks about his history, first off, for being abused when he was approximately 6 years old. It talks about his birthplace, his coming to the United States and the issues that presented. His psychological testing "revealed traits associated with both avoidant personality disorder and dependent personality disorder." Mr. Wescott indicates on page 11 that therapy can be a useful intervention. There is no question that Mr. Gurung needs help.

The sentence should be fair. Tailored to Mr. Gurung and the facts of his case

**Imposition of Sentence**

The court is required under 18 U.S.C. § 3553a, to impose a sentence sufficient, but not greater than necessary to comply with the purposes set forth in paragraph (2) of this subsection.

Under § 3553 (a)(1), the court initially looks at the nature and circumstances of the offense and the history and characteristics of the defendant. The defendant understands, agrees and does not contest what the nature and circumstances of the offense were. The presentence investigation does a great job of showing the history and characteristics of the defendant. Where he came from, how he arrived in the United States, how he went through high school, and as his family said, he enlisted in the Army to serve his adopted country. He has no prior convictions but has some significant mental health issues.

18 U.S.C. § 3553(a)(2) sets out four paragraphs, a-d, which the court shall consider in arriving at the appropriate sentence:

a. *To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense*; A sentence of 15 years would be sufficient to comply with the purposes set forth in paragraph (2)(A). 15 years in custody at a federal penitentiary would reflect how serious these 2 counts are. It would certainly promote the defendant's respect for the law and would provide just punishment for the offense.

b. *To afford adequate deterrence to criminal conduct;* 15 years is a long time. If there are people who are watching criminal cases in federal court on sex crimes, which the undersigned highly doubts, it would tell folks that you do this, and this is what's going to happen to you.

c. *To protect the public from further crimes of the defendant;* The defendant needs help. He can get help in the federal system, at least that is what's touted by the Bureau of Prisons. There are programs that specifically address these kinds of mental issues. The public will be protected from the defendant for 15 years.

d. *To provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manor;* He can get treatment if the Bureau of Prisons allows him to do so. Programs are available that have sex offender treatment where inmates can get in the program, work the program and hopefully, come out a better person than when they went in as regards to what got them in prison in the first place. 15

years would allow him to get that treatment and figure out what he needs to figure out about himself and then be released on supervised release with all of the stringent programs that he would have to do. Those programs would include mandatory treatment as well as no possession of electronic devices without permission from his supervised release officer as well as random UA's and polygraph exams. The public would be safe from the defendant after spending 15 years, hopefully, getting the treatment within the penitentiary system and reflecting on himself and his actions.

Respectfully submitted,

*/s/ Carl E. Cornwell*
CARL E. CORNWELL #9049
142 North Cherry
Olathe, Kansas 66061
913-254-7600 PHONE
carl@carlcornwell.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of October 2026, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this case.

*/s/ Carl E. Cornwell*
Carl E. Cornwell #9049